FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

16 AUG 10 PM 2: 15

CLERK-ALBUQUERQUE

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW MEXICO

MUKHTIAR SINGH KHALSA )
    *Plaintiff* )
)
v. ) Civil Action No. 16 CV 908 LF/KBM
)
HECTOR H. BALDERAS, IN HIS INDIVIDUAL )
CAPACITY AND AS ATTORNEY GENERAL )
FOR THE STATE OF NEW MEXICO, DAVID C. )
KRAMER, IN HIS INDIVIDUAL CAPACITY )
AND AS ASSISTANT ATTORNEY GENERAL )
FOR THE STATE OF NEW MEXICO AND )
SCOTT CAMERON IN HIS INDIVIDUAL )
CAPACITY AND AS ASSISTANT ATTORNEY )
GENERAL FORTHE STATE OF NEW MEXICO, )
AND JOHN DOESAND JANE DOES UNKNOWN )
AT THIS TIME )
    *Defendants* )

## COMPLAINT FOR VIOLATON OF CIVIL RIGHTS

COMES NOW Mukhtiar Singh Khalsa, and for this Complaint for violation of Civil Rights states;

## PARTIES

1. Plaintiff Mukhtiar Singh Khalsa is an individual who resides in Santa Fe County, New Mexico.

2. Defendant Hector H. Balderas is an individual who upon information and relief resides, operates or both in Bernalillo County, New Mexico.

3. Defendant Hector H. Balderas acts as the Attorney General for State of New Mexico.

4. Defendant David C. Kramer is an individual who upon information and relief resides, operates or both in Bernalillo County, New Mexico.

5. Defendant David C. Kramer acts as the Assistant Attorney General for State of New Mexico.

6. Defendant Scott Cameron is an individual who upon information and relief resides, operates or both in Bernalillo County, New Mexico.

7. Defendant Scott Cameron acts as the Assistant Attorney General for State of New Mexico.

8. Upon information and belief there exist an unknown number of John Does and Jane Does who did directly or indirectly acted in regards to this matter with the named Defendants.

## JURISDICTION

9. This Court has Jurisdiction over this matter pursuant to Title 42 U.S.C. Section 1983 and Title 42 U.S.C. Section 1982.

## INTRODUCTION

10. Plaintiff, in a letter, noticed the then sitting Attorney General for State of New Mexico Gary King, David C. Kramer Assistant Attorney General for State of New Mexico and others that the Plaintiff was operating within a private membership association. This letter presented the position that within that private membership association, Plaintiff, as well as all the private members of the association, had a constitutionally guaranteed right, among other rights, to advise and support each other in the defense of wrongful foreclosure of real property. Further, as Plaintiff wished to operate and conduct business under those constitutionally protected rights

as a private membership association, Plaintiff offered to consider any proper legal objection provided by the Office of the Attorney General for State of New Mexico brought within twenty-one days. As no objection was provided by the Office of the Attorney General for State of New Mexico within the twenty-one days provided by notice, Plaintiff proceeded to operate and conduct business under the Office of the Attorney General for State of New Mexico's approval.

11. Despite the Office of the Attorney General of the State of New Mexico having had ignored the opportunity and the obligation to make any dispute as to Plaintiff constitutionally protected right, Defendant Kramer, and then later Defendant Balderas and Defendant Cameron, improperly using the power of their office, did violate Plaintiff's constitutionally protected rights.

## GENERAL FACTS

12. On October 30, 2014 Plaintiff, in a letter, noticed the then sitting Attorney General for State of New Mexico Gary King and David C. Kramer Assistant Attorney General for State of New Mexico that Plaintiff was operating within private membership association.

13. That letter presented the position that as a private membership association, Plaintiff, as well as all the private members of the association, had a constitutionally guaranteed right, among other rights, to advise and support members in the defense of wrongful foreclosure of real property.

14. That letter provided an opportunity and obligation for the Office of the Attorney General of the State of New Mexico, and the other people noticed, to raise any dispute as to Plaintiff's position enumerated within the notice.

15. The Office of the Attorney General of the State of New Mexico, and the people noticed raised no dispute as to Plaintiff's position enumerated within the notice.

16. Plaintiff proceeded to operate and conduct business in accordance to applicable law under the position enumerated within the notice under the approval of the Office of the Attorney General of the State of New Mexico.

17. Defendant Kramer through the Office of the Attorney General of the State of New Mexico served a Civil Investigative Demand ("CID") upon Plaintiff Khalsa.

18. That action violated, frustrated and impeded Plaintiff's ability to operate and conduct business under the constitutionally guaranteed right presented at notice.

19. Plaintiff challenged the CID by filing a petition to quash the CID in the Second Judicial Court for the County of Bernalillo.

20. Despite having been served the petition, Defendant Kramer did not respond to the petition to quash the CID.

21. Later Defendant Kramer and Defendant Balderas, took the position that the petition was moot as the CID was no longer being pursued.

22. Later Defendant Kramer and Defendant Cameron did contact persons believed to be members of the private membership association and did harass and threaten them using the power of the Office of the Attorney General of the State of New Mexico.

23. Those actions violated, frustrated and impeded Plaintiff's ability to operate and conduct business under the constitutionally guaranteed rights presented at notice.

24. Later Defendant Balderas, Defendant Kramer and Defendant Cameron did file a lawsuit against Plaintiff.

25. That lawsuit violated, frustrated and impeded Plaintiff's ability to operate and conduct business under the constitutionally guaranteed rights presented at notice.

26. Within that lawsuit, Defendant Balderas, Defendant Kramer and Defendant Cameron sought a Temporary Restraining Order ("TRO") against Plaintiff seeking to seize all aspects of the operations of the private membership association.

27. That action violated, frustrated and impeded Plaintiff's ability to operate and conduct business under the constitutionally guaranteed rights presented at notice.

## COUNT I
## VIOLATIONS OF TITLE 42 U.S.C. SECTION 1983 AND TITLE 42 U.S.C. SECTION 1982 BY DEFENDANTS WITHIN THEIR OFFICE.

28. Plaintiff incorporates paragraphs 1-27 as if set forth in full herein.

29. Title 42 U.S.C. Section 1983 allows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

30. Title 42 U.S.C. Section 1983 allows:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

31. As Plaintiff as a person within the Jurisdiction of the United States was subjected to unlawful deprivations of his rights, privileges, or immunities secured by the Constitution made

by Defendants, within Office of the Attorney General of the State of New Mexico, Defendants may be liable to the Plaintiff who has been injured in an action at law, suit in equity, or other proper proceeding for redress.

32. Because the Office of the Attorney General of the State of New Mexico, by its silence, did approve Plaintiff's ability to operate and conduct a lawful business under the constitutionally guaranteed rights presented by notice to the Office of the Attorney General of the State of New Mexico was estopped from later disputing, frustrating or impeding Plaintiff's ability to operate and conduct business under the constitutionally guaranteed rights presented at notice.

33. Because Defendant Kramer, acting as an Officer of the Office of Attorney General of the State of New Mexico, served the CID upon Plaintiff, for which the Office of Attorney General of the State of New Mexico was estopped, that improper action subjected Plaintiff to multiple unlawful deprivations of his rights, and as such Defendant Kramer as an Officer of the Office of Attorney General of the State of New Mexico is liable to the Plaintiff under Title 42 U.S.C. Section 1983.

34. Because Defendant Kramer, and Defendant Cameron acting as an Officers of the Office of Attorney General of the State of New Mexico, did contact persons believed to be members of the private membership association and did harass and threaten them using the power of the Office of the Attorney General of the State of New Mexico for which the Office of Attorney General of the State of New Mexico was estopped, that improper action subjected Plaintiff to a unlawful deprivations of his rights, and as such Defendant Kramer, and Defendant

Cameron as Officers of the Office of Attorney General of the State of New Mexico are liable to the Plaintiff under Title 42 U.S.C. Section 1983.

35. Because all the Defendants, acting as Officers of the Office of Attorney General of the State of New Mexico, brought a lawsuit, for which the Office of Attorney General of the State of New Mexico was estopped, that improper action subjected Plaintiff to multiple unlawful deprivations of his rights, and as such all Defendants are liable to the Plaintiff under Title 42 U.S.C. Section 1983.

36. Because all the Defendants, acting as Officers of the Office of Attorney General of the State of New Mexico, sought the TRO, for which the Office of Attorney General of the State of New Mexico was estopped, that improper action subjected Plaintiff to multiple unlawful deprivations of his rights, and as such Defendants are liable to the Plaintiff under Title 42 U.S.C. Section 1983.

37. Because all the Defendants, acting as Officers of the Office of Attorney General of the State of New Mexico, sought to seize property in an action, for which the Office of Attorney General of the State of New Mexico was estopped, that improper action subjected Plaintiff to multiple unlawful deprivations of his rights under Title 42 U.S.C. Section 1982, and as such all the Defendants as Officers of the Office of Attorney General of the State of New Mexico are liable to the Plaintiff under Title 42 U.S.C. Section 1983.

**COUNT II**
**VIOLATION OF TITLE 42 U.S.C. SECTION 1983**
**AND TITLE 42 U.S.C. SECTION 1982**
**BY DEFENDANTS WITHIN THEIR INDIVUAL CAPACITY**

38. Plaintiff incorporates paragraphs 1-37 as if set forth in full herein

39. If Defendants knew or thought they knew that Plaintiff's alleged ability to operate and conduct business under the constitutionally guaranteed rights presented by notice to the Office of the Attorney General of the State of New Mexico was in some way improper, then Defendants had a duty to speak to avoid committing fraud by remaining silent and allowing Plaintiff to proceed as if under the approval Office of the Attorney General of the State of New Mexico.

40. Because Defendants each committed a fraud by either failing to dispute what they thought to be improper or by subsequently disputing that for which Office of the Attorney General of the State of New Mexico was estopped, the Defendants each acted outside the shelter of their office and each acted in their own individual capacities.

41. Because Defendant Kramer, acting in his own individual capacity, served the CID upon Plaintiff, for which the Office of Attorney General of the State of New Mexico was estopped, that improper action subjected Plaintiff to multiple unlawful deprivations of his rights, and as such Defendant Kramer is liable in their own individual capacities to the Plaintiff under Title 42 U.S.C. Section 1983.

42. Because Defendant Kramer, and Defendant Cameron each acting in their own individual capacities, did contact persons believed to be members of the private membership association and did harass and threaten them using the power of the Office of the Attorney General of the State of New Mexico for which the Office of Attorney General of the State of New Mexico was estopped, that improper action subjected Plaintiff to unlawful deprivations of his rights, and as such Defendant Kramer and Defendant Cameron are each liable in their own individual capacities to the Plaintiff under Title 42 U.S.C. Section 1983.

43. Because Defendants, each acting in their own individual capacities, brought a lawsuit, for which the Office of Attorney General of the State of New Mexico was estopped, that improper action subjected Plaintiff to multiple unlawful deprivations of his rights, and as such Defendants are each liable in their own individual capacities to the Plaintiff under Title 42 U.S.C. Section 1983.

44. Because Defendants, each acting in their own individual capacities, sought the TRO, for which the Office of Attorney General of the State of New Mexico was estopped, that improper action subjected Plaintiff to multiple unlawful deprivations of his rights, and as such Defendants are each liable in their own individual capacities to the Plaintiff under Title 42 U.S.C. Section 1983.

45. Because Defendants, acting in their own individual capacities, sought to seize property in an action, for which the Office of Attorney General of the State of New Mexico was estopped, that improper action subjected Plaintiff to multiple unlawful deprivations of his rights under Title 42 U.S.C. Section 1982, and as such Defendants are liable in their own individual capacities to the Plaintiff under Title 42 U.S.C. Section 1983.

### COUNT II
### VIOLATION OF TITLE 42 U.S.C. SECTION 1983
### AND TITLE 42 U.S.C. SECTION 1982
### BY OTHER PARTIES UNKNOWN AT THIS TIME
### TO LEARNED UPON DISCOVERY

46. Plaintiff incorporates paragraphs 1-45 as if set forth in full herein.

47. Upon information and belief there exist an unknown number of John Does and Jane Does who did directly or indirectly, individually or in concert, with the named Defendants acted to subject Plaintiff to multiple unlawful deprivations of his rights presented at notice.

48. The identities and actions of these John Does and Jane Does can only determined through discovery served upon the known Defendants.

## PRAYER FOR RELIEF

Plaintiff Mukhtiar S. Khalsa prays for the Court to issue an injunction for the Defendants to cease any and all actions in the above described matters against Plaintiff, and any and all the private members of the association, order Defendants to pay any and all costs and injuries caused by any and all actions in the above described matters, pay any all cost costs associated with this present action and for such further relief as the Court deems just and proper.

Respectfully submitted,

Mukhtiar S. Khalsa
P.O. Box 593
Santa Cruz, NM 87567
Telephone: 505-450-2802



PRÆDIUM
PRESERVATION

PRESERVING HOMES & RIGHTS • PROVIDING HOMEOWNER EDUCATION

4317C LEAD AVENUE SE    ALBUQUERQUE NM 87108    505-349-4552

October 30, 2014

Gary K. King
Attorney General of New Mexico
111 Lomas Blvd. NE
Suite 300
Albuquerque, NM 87102        via Certified Mail # 7013 3020 0001 5651 3032

Dear Mr. King,

    In January of this year I had a discussion with you, along with my then Staff Attorney Richard Cravens, regarding the enterprise known as Praedium Preservation. The intention of the discussion was to build a structure that would be compliant within the laws of New Mexico.

    The purpose of this letter is to keep you and your office informed with Praedium Preservation's ongoing development.

    Praedium Preservation is a private membership association protected under freedom of association rights afforded within the 1st, 5th, and 14th Amendments to the U.S. Constitution. Under these protections we believe the Association is able to provide our members with the certain services we attempt to outline below.

    It is our position that, as a private membership association, Praedium Preservation and the private members of Praedium Preservation have the right to advise and support each other in the defense of wrongful foreclosure of real property.

    Although Praedium Preservation will operate as a non-profit entity, freedom of association is wholly applicable to for-profit business or economic activities.

    All members of Praedium Preservation will be private members in a private domain. Praedium Preservation, through membership fees, and through various means of exchange, will, among other things, offer its private members different services for the defense of wrongful foreclosure of real property.

Page 1 of 4


EXHIBIT 1

What is a *mala prohibita* criminal act in the public domain remains a legally protected act in the private domain of a private membership association. The exception, of course, is that a *mala in se* crime is never protected in the private domain and can be prosecuted as it is in the public domain.

In the public domain, an unlicensed person who advises another how his legal rights have been infringed and/or refers that person to a particular licensed attorney has committed a *mala prohibita* crime in the State of New Mexico and may be prosecuted by an agency of the State.

However, within the private domain of a private membership association, the same action by the same individual is not a crime and cannot be prosecuted. "... in the domain of these indispensible liberties, whether of... association, the decisions of this Court recognize that abridgement of such rights." *NAACP v. Button*, 371 U.S. 415 at 421. The "modes of... association protected by the First and Fourteenth (are modes) which Virginia may not prohibit." *NAACP v. Button*, at 415. In other words, a private membership association in the private domain is protected under its freedom of association rights and its rights are different than if it operated in the public domain.

The exercise of police power for the State of New Mexico is available only for the purpose of protecting and promoting the interest of the public domain. *Binford v. Boyd*, 174 P. 56. For example, protection of the public is the purpose of requiring a license. *State Ex Rel Green v. Clark*, 294 N.W. 25; *Payne v. Volkman*, 198 N.W. 738. Registration and licensing under a New Mexico agency is for the protection of the public domain.

The private domain of a private membership association is a sanctuary, a constitutional shelter, a shield and a preserve, set apart under the authority of a significant number of U.S. Supreme Court decisions.

Under these same constitutionally protected rights and freedoms, private membership lists and association documents are beyond the State and Federal power of discovery, even under Court order. The inviolability of this protection is indispensible to the preservation of freedom of association. *Gibson v. Florida Investigation Committee*, supra; *NAACP v. Alabama*, supra; *Bates v. Little Rock*, supra.

Under these principles of constitutional and civil rights, any investigation or prosecution by the State of New Mexico of Praedium Preservation or any member of our private membership association who is not clearly committing a *mala in se* crime with a clear and present danger of substantive evil would be in violation of the U.S. and New Mexico Constitutions.

A violation of any civil or constitutional rights of a person by the State of New Mexico or its agencies is subject to a complaint being filed in Federal District Court under the Title 42 U.S.C. Section 1983. The State Officer carrying out the violation can be sued under Title 42 U.S.C. Section 1982 in his or her individual capacity as well. *Hafer v. Melo*, 112 Sup.Ct. 358 "...no 'State' shall deny to any person within its jurisdiction the equal protection of the laws. *Cooper v. Aaron*, 3 L.Ed.2d 5.

Be it known that I and Praedium Preservation as a private membership association will fully comply with all applicable New Mexico laws, statutes, regulations and orders. I and Praedium Preservation as a private membership association are also aware that the State of New Mexico's jurisdiction and authority is limited to the public domain, except for clear and present danger of substantive evil, as per U.S. Supreme Court opinions distinguished above.

As Praedium Preservation wishes to operate and conduct business under its constitutionally protected right as a private membership association, as a good neighbor, and a supporter of the public domain, Praedium Preservation will consider any proper legal objection provided by the State of New Mexico. However, if within twenty one days this agency has not returned any proper legal objection, Praedium Preservation will operate and conduct business as if under this agency's approval.

Respectfully,

Mukhtiar S. Khalsa
President, Board of Directors, Praedium Preservation

cc:   Elizabeth A. Glenn, Chief Deputy Attorney General
          via Certified Mail # 7013 3020 0001 5651 3049
      David C. Kramer, Assistant Attorney General
          via Certified Mail # 7013 3020 0001 5651 3056
      Patrick Westerfield, Esq.
      Joshua R. Simms, Esq.